UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-146-RJC

| | |
|---|---|
| DENNIS ROGER VANDYKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SCOTT CARTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1), and a review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. §§ 1915; 1915A.

Plaintiff is currently a prisoner incarcerated in the Rutherford County Jail. The Court notes that Plaintiff is a frequent, if not record, filer of pro se lawsuits in this district. A review of Plaintiff's history within this district reveals he has filed no less than twenty-three (23) lawsuits in this court, at least fifteen (15) of which were complaints filed under 42 U.S.C. § 1983, with fifteen (15) accompanying applications to proceed *in forma pauperis*. On August 1, 2006, the Honorable Graham C. Mullen provided an overview of Plaintiff's allegations in eight (8) of these complaints and made the following findings and warning in an order granting defendants' motion for summary judgment:

> On June 21, 2006 alone, Plaintiff filed five separate Complaints requiring this Court's time and resources. All five of those Complaints were dismissed on initial review for failure to state a claim for relief, frivolousness, or failure to file in the proper district. Plaintiff's frequent filings are abusive in that they each require significant time and attention from the Court's legal staff that could be better served on cases that state legitimate constitutional violations. Plaintiff is put on notice that because he has had at least three cases dismissed, in this district alone, as frivolous or for failure to state a claim upon which relief may be

> granted, <u>he may not file future civil actions or appeal a judgment in a civil proceeding under 28 U.S.C. § 1915 in any federal district</u> unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

(Case No. 1:05-cv-357, Doc. No. 31 at 4) (emphasis in original). Plaintiff appealed, and the United States Court of Appeals for the Fourth Circuit affirmed summary judgment for the defendants for the reasons stated in Judge Mullen's Order. <u>VanDyke v. Officer O'Donnell, et al.</u>, No. 06-7454 (4th Cir. Mar. 27, 2007); (Case No. 1:05-cv-357, Doc. No. 39).

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. <u>See</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 596 (1998) (discussing the Prisoner Litigation Reform Act ("PLRA")). Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least three of Plaintiff's previous complaints were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. <u>See, e.g.,</u> (Case Nos. 1:05-cv-357-GCM; 1:06-cv-172-GCM; 1:06-cv-200-GCM; 1:12-cv-113-RJC).

This Court has examined Plaintiff's Complaint, (Doc. No. 1), and finds that Plaintiff's Complaint fails to demonstrate that he "is under imminent danger of serious physical injury" as required by § 1915(g) of the PLRA. Plaintiff filed this action on June 14, 2012, naming Scott Carter as the sole Defendant. (Doc. No. 1 at 3). Plaintiff identifies Defendant Carter as an "unemployed friend," and Plaintiff alleges that while Plaintiff and Carter were in the Rutherford County Detention Center together, Plaintiff "entrusted [Defendant] to use my [debit] card to

make some copies and send me money to my commissary account. [Defendant] used my money to buy pain pills without my permission." (Doc. No. 1 at 3). Plaintiff is subject to § 1915(g)'s bar to filing civil actions under the PLRA without prepayment of the filing fee and is not under imminent danger of serious physical injury. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's Application to Proceed *in forma pauperis* must be **DENIED**. This Court will **DISMISS** Plaintiff's Complaint without prejudice to his ability to re-file with prepayment of the filing fee.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed *in forma pauperis,* (Doc. No. 1-1), is **DENIED**;
2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**.

Signed: July 3, 2012

Robert J. Conrad, Jr.
Chief United States District Judge